FILED
CLERK
3:08 pm, Jan 28, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTINE J. CASIANO, as Administrator of
the Estate of Raymond Casiano, Deceased, and
CHRISTINE J. CASIANO, Individually,

                            Plaintiffs,                 **ORDER**
                                                         16-CV-1194 (SJF)(ARL)
      - against-

COUNTY OF NASSAU, et al.,

                            Defendants.
------------------------------------------------------------X
FEUERSTEIN, District Judge:

       Before the Court is a Report and Recommendation ("the Report"), of the Honorable Arlene R. Lindsay, United States Magistrate, dated January 7, 2019, Docket Entry ("DE") [91], concerning the motion to dismiss the amended complaint, DE [85], filed by defendants Jerome Nicolato, Cherif Makram, Jordan Laguio, Brandon J. Smith, Doreen Mary Smith, and Jon Miller (the "State defendants"). Judge Lindsay's Report (1) recommends (a) that the State defendants' motion to dismiss be granted in part and denied in part, and (b) that plaintiff's request for leave to file a second amended complaint be denied; and (2) advises, *inter alia*, (a) that "[a]ny objections to th[e] Report . . . must be electronically filed with the Clerk of the Court . . . within fourteen (14) days," and (b) that a "[f]ailure to file objections within this period waives the right to appeal the District Court's Order." Report at 26 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996)).

       A copy of the Report was served upon counsel for all parties via ECF on January 7, 2019. Despite such service, no objections have been filed, nor did any party seek an extension to do so. For the reasons set forth below, Magistrate Judge Lindsay's Report is adopted in its entirety.

# I. DISCUSSION

## A. Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). However, the Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Indeed, "[w]here parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

Nonetheless, the waiver rule is "nonjurisdictional," and thus the Court may excuse a violation thereof "in the interests of justice." *King v. City of N.Y., Dep't of Corr.*, 419 F. App'x 25, 27 (2d Cir. 2011) (summary order) (quoting *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *accord King*, 419 F. App'x at 27.

To accept the magistrate's report and recommendation absent a timely objection, the

court need only be satisfied that there is no clear error on the face of the record. *See* FED. R. CIV. P. 72(b); *Baptichon v. Nevada State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**B. Review of the Report**

No party has filed objections to the Report within the time prescribed in 28 U.S.C. §636(b)(1)(C), nor has any party sought an extension of the deadline. As the parties were provided with adequate notice of the Report and given an express warning of the consequences of a failure to timely file objections thereto, their failure to interpose timely objections to the Report operates as a waiver of further judicial review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 602-03 (2d Cir. 2008); *Mario*, 313 F.3d at 766. Thus, this Court is not obligated to conduct a *de novo* review of the findings and conclusions in the Report, but rather "need only satisfy itself that there is no clear error on the face of the record to accept a magistrate judge's report and recommendation." *Safety-Kleen Sys., Inc. v. Silogram Lubricants Corp.*, No. 12-CV-4849, 2013 WL 6795963, at *1 (E.D.N.Y. Dec. 23, 2013). After a careful review of the Report, the Court finds no plain error in either the reasoning or the conclusions reached therein, and accordingly, adopts it in its entirety.

**II. CONCLUSION**

The Report is adopted in its entirety. Therefore: (1) the State defendants' motion to dismiss, DE [85], is GRANTED to the extent that (a) the claims against defendants Jerome Nicolato and Brandon J. Smith are dismissed, and (b) the sixth, seventh, and eleventh causes of

action are dismissed; (2) the State defendants' motion to dismiss is DENIED as to the eighth and tenth causes of action; and (3) plaintiff's request to replead the dismissed causes of action is DENIED.

The status conference scheduled for March 26, 2019 is <u>advanced</u> to **February 14, 2019 at 11:15 a.m.** in Courtroom 1010 of the Central Islip Courthouse.

**SO ORDERED**.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: January 28, 2019
Central Islip, New York